## IN THE UNITED STATES DISTRICT COURT
## FOR SOUTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| CARL TYLER, JR. and ) | |
| GRACE KELLY TYLER, ) | |
|                     ) | |
| Plaintiffs, ) | |
|                     ) | |
| v.           ) | CASE NO.: 08-007 |
|                     ) | |
|                     ) | |
| THE MORTGAGE OUTLET, INC., ) | |
|                     ) | **JURY DEMANDED** |
| Defendant. ) | |

## CLASS ACTION COMPLAINT

## INTRODUCTION

1. Plaintiffs bring this action against a mortgage lender for violation of the Truth-in-Lending Act, 15 U.S.C. § 1601 ('TILA'), and its implementing Federal Reserve Board Regulation Z, 12 C.F.R. part 226.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 (general federal question), 1337 (interstate commerce), and 1367 (supplemental jurisdiction) and 15 U.S.C. § 1640 (Truth in Lending Act). Defendant is a Georgia Corporation and does business in the Southern District of Alabama.

## PARTIES

3. Plaintiffs own and reside in a home at 13262 Dominion Dr., Fairhope, AL 36532.

4. Defendant The Mortgage Outlet, Inc. is incorporated in Georgia and its principle address is 1800 Sandy Plains Parkway, Ste. 304, Marietta, GA 30066.

## FACTUAL ALLEGATIONS

5. On April 24, 2007, plaintiffs obtained a $136,400 mortgage loan from Defendant.

6. The loan was obtained for personal, family or household purposes, namely, the refinancing of prior debts incurred for such purposes.

7. The loan was used to pay off a prior mortgage loan from Citifinancial Mortgage and for a cash amount paid to the borrowers.

8. In connection with the April 24th 2007 transaction Plaintiff's signed or received the following documents:

   a) A settlement statement on form HUD-1, Exhibit A;

   b) A Truth in Lending disclosure statement, Exhibit B, designating The Mortgage Outlet, Inc. as lender; and

   c) The right to cancel form, Exhibit C.

9. All of these documents were provided at the closing.

10. The Truth-in-Lending disclosure statement is defective in that it does not disclose the due dates and periods of payments scheduled to repay the indebtedness.

11. In addition, Truth-in-Lending disclosure understates the finance charge by more that $100.

12. The notice of right to cancel is also defective because the H-9 model form was used instead of the H-8 form.

13. Exhibits B and C are standard form documents issued in connection with numerous transactions, as evidenced by the form numbers at the bottom of each document.

14. On information and belief, it is the standard practice of the defendant to understate finance charges and to use Truth-in-Lending disclosure forms that omit the required information about payment periods and due dates.

15.     On information and belief, it is the standard practice of defendant to use the form represented by Exhibit C in transactions in which it is refinancing a loan made by someone other than itself.

### RIGHT TO RESCIND

16.     Because the transaction was secured by plaintiffs' home, and was not entered into for purposes of the initial acquisition or construction of that home, it was subject to the right to cancel provided by (a) 15 U.S.C. §1635 and 12 C.F.R. §226.23.

17. Section 226.23 provides:

> (a) <u>Consumer's right to rescind</u>.
>
> (1) In a credit transaction in which a security interest is or will be retained or acquired in a consumer's principal dwelling, each consumer whose ownership interest is or will be subject to the security interest shall have the right to rescind the transaction, except for transactions described in paragraph (f) of this section.
>
> (2) To exercise the right to rescind, the consumer shall notify the creditor of the rescission by mail, telegram or other means of written communication. Notice is considered given when mailed, when filed for telegraphic transmission or, if sent by other means, when delivered to the creditor's designated place of business.
>
> (3) The consumer may exercise the right to rescind until midnight of the third business day following consummation, delivery of the notice required by paragraph (b) of this section, or delivery of all material disclosures, [fn]48 whichever occurs last. If the required notice or material disclosures are not delivered, the right to rescind shall expire 3 years after consummation, upon transfer of all of the consumer's interest in the property, or upon sale of the property, whichever occurs first. In the case of certain administrative proceedings, the rescission period shall be extended in accordance with section 125(f) of the Act. [15 U.S.C. §1635(f)]
>
> (4) When more than one consumer in a transaction has the right to rescind, the exercise of the right by one consumer shall be effective as to all consumers.
>
> (b) <u>Notice of right to rescind</u>. In a transaction subject to rescission, a creditor shall deliver 2 copies of the notice of the right to rescind to each consumer entitled to rescind. The notice shall be on a separate document that identifies the transaction and shall clearly and conspicuously disclose the following:

(1) The retention or acquisition of a security interest in the consumer's principal dwelling.

(2) The consumer's right to rescind the transaction.

(3) How to exercise the right to rescind, with a form for that purpose, designating the address of the creditor's place of business.

(4) The effects of rescission, as described in paragraph (d) of this section.

(5) The date the rescission period expires….

(f) <u>Exempt transactions</u>. The right to rescind does not apply to the following:

(1) A residential mortgage transaction [defined in 15 U.S.C. §1602(w) as one where a "security interest is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"].

(2) A credit plan in which a state agency is a creditor.

17. Plaintiffs have given notice of their election to rescind.

18. 15 U.S.C. § l635(g) provides:

> Additional relief
>
> In any action in which it is determined that a creditor has violated this section, in addition to rescission the court may award relief under section 1640 of this title for violations of this subchapter not relating to the right to rescind.

## **COUNT 1 –CLASS CLAIM**

19. Plaintiffs incorporate the relevant paragraphs above.

20. Each of the transactions of plaintiffs and the members of the class described below violated 15 U.S.C. §1635 and 12 C.F.R. § 226.23.

21. Plaintiffs bring this claim on behalf of a class. The class consists of (a) all natural persons (b) who obtained non-purchase-money loans that were secured by their residences, (c) on or after a date three years prior to the filing of this action (d) for purposes other than the initial construction or acquisition of those residences, (e) where the person either (i) received a

document in the form represented by Exhibit B, and/or or(ii) a document in the form represented by Exhibit C at the closing.

22. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 5,000 class members.

23. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members. Some of the predominant common questions are:

    a. Whether The Mortgage Outlet, Inc. had a practice of using the form Truth-in-Lending act disclosure exemplified Exhibit B in connection its loans;

    b. Whether doing so violates TILA:

    c. Whether The Mortgage Outlet, Inc. had a practice of issuing the form notice of right to cancel exemplified Exhibit C in connection with the refinancing of loans made by someone else;

    d. Whether doing so violates TILA:

24. Plaintiffs' claim is typical of the claims of the class members. All are based on the same factual and legal theories.

25. Plaintiffs will fairly and adequately represent the interests of the class members. Plaintiffs have retained counsel experienced in consumer class action cases.

26. A class action is superior to other alternative methods of adjudicating this dispute. Most of the class members are unaware of the deception practiced upon them. Individual cases are not economically feasible.

WHEREFORE, plaintiffs request that the Court enter judgment in favor of plaintiffs and the class members and against defendant for:

    a. A declaration that any class member who so desires may rescind their transaction;

      b.      Statutory damages;

      **c.**      Attorney's fees, litigation expenses and costs of suit;

      d.      Such other or further relief as the Court deems proper.

## **COUNT II- INDIVIDUAL CLAIM**

27.      Plaintiffs incorporate the relevant paragraphs above.

28.      Plaintiffs are entitled to rescind their transaction.

WHEREFORE, plaintiffs request that the Court grant the following relief in favor of plaintiffs and against defendants:

      a.      A judgment voiding plaintiffs' mortgage, capable of recordation in the public records;

      b.      Statutory damages;

      c.      A judgment declaring what obligation if any plaintiffs have toward defendants;

      d**.**      Attorney's fees, litigation expenses and costs of suit;

      e.      Such other or further relief as the Court deems proper.

Respectfully submitted,

    /s/ Earl P. Underwood, Jr.
Earl P. Underwood, Jr. (UNDEE6591)
Attorney for Plaintiffs
Law Offices of Earl P. Underwood, Jr.
Post Office Box 969
Fairhope, AL 36533-0969
Telephone: (251) 990-5558
Facsimile: (251) 990-0626
epunderwood@alalaw.com

# EX. A

# Settlement Statement

U.S. Department of Housing and Urban Developement

OMB Approval No: 2502-0491

## Optional Form for Transactions Without Sellers

| Name and Address of Borrower: | Name and Address of Lender: |
|---|---|
| Carl Tyler, Jr.<br><br>13262 Dominion Dr<br>Fairhope, AL  36532 | The Mortgage Outlet, Inc.<br>A Georgia Corporation<br>1800 Sandy Plains Pky Ste.304<br>Marietta, GA  30066 |
| Property Location: (if different from above)<br><br>13262 Dominion Dr<br>Fairhope, AL  36532 | Settlement Agent:  Advanced Land & Title, Inc<br><br>Place of Settlement: 1659 Government Street<br>Mobile, AL  36604 |
| Loan Number:<br>TYCA01 | Settlement Date:          Disbursement Date:<br>Tue Apr 24, 2007       Mon Apr 30, 2007 |

| L. Settlement Charges | POC | M. Disbursement to Others | |
|---|---|---|---|
| **800. Items payable in Connection with Loan** | | | |
| 801. Loan origination fee  1.00% to TMO | 1,364.00 | 1501. CITIFINANCIAL MORTGAGE | 59,322.50 |
| 802. Loan discount     % to | | | |
| 803. Appraisal fee to | | 1502. | |
| 804. Credit report fee to CREDCO | 33.65 | | |
| 805. Inspection fee to | | 1503. | |
| 806. Mortgage insurance application fee to | | | |
| 807. Mortgage broker fee to | | 1504. | |
| 808. Tax service fee to | | | |
| 809. Processing fee to TMO | 150.00 | 1505. | |
| 810. Wire Fee Advanced Land | 40.00 | | |
| 811. | | 1506. | |
| 812. State Fee | | | |
| 813. | | 1507. | |
| 814. Underwriting to TMO | 450.00 | | |
| 815. Commitment to | | 1508. | |
| **900. Items Required by Lender to be Paid in Advance** | | | |
| 901. Interest from 04/30/07 to 05/01/07 @$ 29.86 /day | 29.86 | 1509. | |
| 902. Mortgage insurance premium for    month(s) to | | 1510. | |
| 903. Hazard insurance premium for    month(s) to | | 1511. | |
| 904. | | | |
| 905. | | 1512. | |
| **1000. Reserves Deposited with Lender** | | | |
| 1001. Hazard insurance   months @$    /m | | 1513. | |
| 1002. Mortgage insurance  months @$    /m | | | |
| 1003. City property taxes  months @$    /m | | 1514. | |
| 1004. County property taxes  months @$    /m | | | |
| 1005. Annual assesments  months @$    /m | | 1515. | |
| 1006.   months @$    /m | | **1520. TOTAL DISBURSED** | |
| 1007.   months @$    /m | | (enter on line 1603) | 59,322.50 |
| 1008. Aggregate Adjustment | | **N.   NET SETTLEMENT** | |
| **1100. Title Charges** | | | |
| 1101. Settlement or closing fee to | | 1600. Loan Amount | |
| 1102. Abstract or title search to Advance Land | 325.00 | | $ 136,400.00 |
| 1103. Title examination to | | 1601. Plus | |
| 1104. Title insurance binder to | | Cash/Check from Borrower/*POC | $ |
| 1105. Document preparation to Prime Services | 80.00 | 1602. Minus (line 1400) | |
| 1106. Notary fees to | | Total Settlement Charges | $ 3,508.51 |
| 1107. Attorney's fees to Advanced Land & Ti | 50.00 | 1603. Minus (line 1520) | |
| (includes above item numbers       ) | | Total Disbursement to Others | $ 59,322.50 |
| 1108. Title insurance to Old Republic | 648.00 | | |
| (includes above item numbers       ) | | 1604. **Equals** Disbursements to Borrower | |
| 1109. Lender's coverage  $ | | (after expiration of any applicable | |
| 1110. Owner's coverage  $ | | recission period required by law) | $ 73,568.99 |
| 1111. Fed Ex | | | |
| 1112. Courier Advanced Land | 40.00 | | |
| 1113. | | X  /s/ Carl Tyler, Jr. | |
| **1200. Government Recording and Transfer Charges** | | Borrower's Signature Carl Tyler, Jr. | |
| 1201. Recording fees: Judge of Probate | 298.00 | | |
| 1202. City/county tax/stamps: | | X | |
| 1203. State tax/stamps: | | Borrower's Signature | |
| 1204. | | | |
| 1205. | | | |
| **1300. Additional Settlement Charges** | | X | |
| 1301. Survey to | | Borrower's Signature | |
| 1302. Pest inspection to | | | |
| 1303. Architectural/engineering services to | | X | |
| 1304. Building permit to | | Borrower's Signature | |
| 1305. | | | |
| 1306. | | X | |
| 1307. | | Closing Agent Signature | |
| **1400. Total Settlement Charges** (enter on line 1602) | 3,508.51 | | |

form HUD-1A (2/94) ref RESPA
Laser forms by: Prime Services (770) 516-8025 - setst_op

# EX. B

# TRUTH IN LENDING DISCLOSURE STATEMENT
### (THIS IS NEITHER A CONTRACT NOR A COMMITMENT TO LEND)

**LENDER:** The Mortgage Outlet, Inc.
6051 Airport Blvd Suite A-2
Mobile, AL  36608

[X] Preliminary  [ ] Final
DATE  04/20/07
LOAN NO.  TYCA01
Type of Loan

**BORROWERS**  Carl Tyler, Jr.

**ADDRESS**  13262 Dominion Dr
**CITY STATE/ZIP**  Fairhope          AL  36532
**PROPERTY**  13262 Dominion Dr, Fairhope, AL 36532

| ANNUAL PERCENTAGE RATE<br>The cost of your credit as a yearly rate. | FINANCE CHARGE<br>The dollar amount the credit will cost you. | Amount Financed<br>The amount of credit provided to you or on your behalf. | Total of Payments<br>The amount you will have paid after you have made all payments as scheduled. |
|---|---|---|---|
| 8.182% | $150,369.36 | $134,306.00 | $284,675.36 |

**PAYMENT SCHEDULE:**

| NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING | NUMBER OF PAYMENTS | AMOUNT OF PAYMENTS | PAYMENTS ARE DUE BEGINNING |
|---|---|---|---|---|---|
| 179 | $999.90 | 1st Pmt 03/04/05 | | | |
| and 1 | $105,693.26 | Balloon Pmt | | | |

**DEMAND FEATURE:** [X] This loan does not have a Demand Feature.   [ ] This loan has a Demand Feature as follows:

**VARIABLE RATE FEATURE:**
[ ] This Loan has a Variable Rate Feature. Variable Rate Disclosures have been provided to you earlier.

**SECURITY:** You are giving a security interest in the property located at: 13262 Dominion Dr

**ASSUMPTION:** Someone buying this property  [X] cannot assume the remaining balance due under original mortgage terms
[ ] may assume, subject to lender's conditions, the remaining balance due under original mortgage terms.

**FILING / RECORDING FEES:** $298.00

**PROPERTY INSURANCE:** [ ] Property hazard insurance in the amount of _____ with a loss payable clause to the lender.
is a required condition of this loan. Borrower may purchase this insurance from any insurance company acceptable to the lender.
Hazard insurance [ ] is  [X] is not available through the lender at an estimated cost of _____ for a _____ year term.

**LATE CHARGES:** If your payment is more than  15  days late, you will be charged a late charge of  5.000 % of the overdue payment, but not more than U.S. $  50.00.

**PREPAYMENT:** If you pay off your loan early, you
[ ] may  [X] will not  have to pay a penalty.
[X] may  [ ] will not  be entitled to a refund of part of the finance charge.

See your contract documents for any additional information regarding non-payment, default, required repayment in full before scheduled date, and prepayment refunds and penalties.
e means estimate

I/We hereby acknowledge reading and receiving a complete copy of this disclosure.     Laser forms by: Prime Services (770) 516-8025 - til

_____  
BORROWER / DATE

_____  
BORROWER / DATE

_____  
BORROWER / DATE

_____  
BORROWER / DATE

# EX. C

# NOTICE OF RIGHT TO CANCEL

| | |
|---|---|
| **LENDER:** | DATE 04/24/07 |
| The Mortgage Outlet, Inc. | LOAN NO. TYCA01 |
| 1800 Sandy Plains Pky Ste.304 | TYPE |
| Marietta, GA  30066 | BORROWER Carl Tyler, Jr. |
| | ADDRESS 13262 Dominion Dr |
| | CITY/STATE/ZIP Fairhope, AL  36532 |
| | PROPERTY 13262 Dominion Dr |
| | Fairhope, AL  36532 |

You are entering into a new transaction to increase the amount of credit previously provided to you. Your home is the security for this new transaction. You have the legal right under federal law to cancel this new transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1) The date of the transaction, which is ___04/24/07___ ; or
(2) The date you received your truth in lending disclosures; or
(3) The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage is also canceled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps neccessary to reflect the fact that the mortgage on your home has been canceled, and we must return to you any money or property you have given us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer or return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer or return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

## HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing at:

  1800 Sandy Plains Pky Ste.304
  Marietta, GA  30066

You may use any written statement that is signed and dated by you and states you intention to cancel and/or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of ___04/27/07___ (or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above.) If you Send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

## I WISH TO CANCEL

_____        _____
SIGNATURE                                DATE

I/We acknowledge receipt of two copies of **NOTICE OF RIGHT TO CANCEL** one copy of the Federal Truth in Lending Disclosure Statement all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Pubic Law 96-221).

_____        _____
Carl Tyler, Jr.                          DATE

Laser forms by: Prime Services (770) 516-8025 - cancel_n

# NOTICE OF RIGHT TO CANCEL

**LENDER:**
The Mortgage Outlet, Inc.
1800 Sandy Plains Pky Ste.304
Marietta, GA  30066

DATE 04/24/07
LOAN NO. TYCA01
TYPE
BORROWER Grace Kelly Tyler
ADDRESS 13262 Dominion Dr
CITY/STATE/ZIP Fairhope, AL  36532
PROPERTY 13262 Dominion Dr
Fairhope, AL  36532

You are entering into a new transaction to increase the amount of credit previously provided to you. Your home is the security for this new transaction. You have the legal right under federal law to cancel this new transaction, without cost, within THREE BUSINESS DAYS from whichever of the following events occurs last:

(1) The date of the transaction, which is _____04/24/07_____ ; or
(2) The date you received your truth in lending disclosures; or
(3) The date you received this notice of your right to cancel.

If you cancel the transaction, the mortgage is also canceled. Within 20 CALENDAR DAYS after we receive your notice, we must take the steps neccessary to reflect the fact that the mortgage on your home has been canceled, and we must return to you any money or property you have given us or to anyone else in connection with this transaction.

You may keep any money or property we have given you until we have done the things mentioned above, but you must then offer or return the money or property. If it is impractical or unfair for you to return the property, you must offer its reasonable value. You may offer or return the property at your home or at the location of the property. Money must be returned to the address below. If we do not take possession of the money or property within 20 CALENDAR DAYS of your offer, you may keep it without further obligation.

## HOW TO CANCEL

If you decide to cancel this transaction, you may do so by notifying us in writing at:

1800 Sandy Plains Pky Ste.304
Marietta, GA  30066

You may use any written statement that is signed and dated by you and states you intention to cancel and/or you may use this notice by dating and signing below. Keep one copy of this notice because it contains important information about your rights.

If you cancel by mail or telegram, you must send the notice no later than MIDNIGHT of _____04/27/07_____
(or MIDNIGHT of the THIRD BUSINESS DAY following the latest of the three events listed above.) If you Send or deliver your written notice to cancel some other way, it must be delivered to the above address no later than that time.

## I WISH TO CANCEL

_____        _____
SIGNATURE                              DATE

I/We acknowledge receipt of two copies of <u>NOTICE OF RIGHT TO CANCEL</u> one copy of the Federal Truth in Lending Disclosure Statement all given by lender in compliance with Truth in Lending Simplification and Reform Act of 1980 (Pubic Law 96-221).

_____        _____
Grace Kelly Tyler                      DATE

Laser forms by: Prime Services (770) 516-8025 - cancel_n