IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CARL TYLER, Jr., and <br> GRACE KELLY TYLER, & <br> JOE CEPHUS PRIM and <br> LISA A. PRIM Individually and <br> on behalf of all similarly situated <br> individuals, <br><br> Plaintiffs, <br><br> vs. <br><br> THE MORTGAGE OUTLET, INC. <br><br> Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) CASE NO. 08-00007-B <br> ) <br> ) <br> ) <br> ) |

## JOINT MOTION FOR PRELIMINARY APPROVAL
## OF CLASS SETTLEMENT AGREEMENT

Come now the Plaintiffs and Defendant The Mortgage Outlet, Inc. ("TMO"), each by and through their undersigned attorneys, and move this Court to enter an order providing preliminary approval of the settlement of this matter, and as grounds therefore show the Court as follows:

1. Plaintiffs and TMO have entered into a Settlement Agreement, which is attached hereto as Exhibit 1, which completely resolves this matter. The Settlement Agreement is based upon the certification of a nationwide class of borrowers (and related persons) of TMO and provides substantial relief for the claims asserted by Plaintiffs in this action. The terms of the settlement are fair, reasonable and adequate, and the Settlement Agreement is the product of extensive and vigorous negotiation conducted over several months.

2. In determining whether to give final approval to the proposed settlement, the Court must find that the settlement is fair, adequate and reasonable, and not the product of

739084-1

collusion. In determining whether the settlement meets these goals, the Court will examine the following criteria:

    (a)    The existence of fraud or collusion behind the settlement;

    (b)    The complexity, expense and likely duration of the litigation;

    (c)    The stage of proceedings and the amount of discovery completed;

    (d)    The probability of Plaintiff's success on the merits;

    (e)    The range of possible recovery; and

    (f)    The opinions of class counsel, class representatives and the substance and amount of opposition to the settlement. See Leverso v. SouthTrust Bank, 18 F.3d 1527 n.6 (11th Cir. 1994).

3.    When determining whether to approve a class action settlement, the Court conducts a two step process. First, the Court should make a preliminary fairness evaluation of the proposed settlement. See Manual for Complex Litigation, 4th § 21.632 (2004). This motion seeks such a preliminary approval, which should evaluate the likelihood that the Court will approve the settlement during its second review stage, after the completion of a full fairness hearing. During the preliminary evaluation, the Court should examine the submitted materials and determine whether the proposed settlement appears fair on its face. See In re Corrugated Container Antitrust Litigation, 643 F.2d 195, 212 (5th Cir. 1981).

4.    The settlement as proposed in the accompanying documents provides substantial relief to the proposed class. The settlement is the product of extensive and vigorous settlement negotiations. The settlement of this action will end lengthy and complex litigation, and provide meaningful and substantial relief to the class. As such, Plaintiffs request that this Court issue its preliminary approval of the settlement, and allow notice to be issued as contemplated in the settlement documents.

WHEREFORE, premises considered, Plaintiffs and TMO jointly request an Order of this Court preliminarily approving the settlement as set forth herein, approving the notices attached to the settlement agreement, and such other and further orders as may be appropriate.

By: s/Earl P. Underwood, Jr.
Earl P. Underwood, Jr.
James D. Patterson
Post Office Box 969
Fairhope, Alabama 36533
251-990-5558
epunderwood@alalaw.com
jpatterson@alalaw.com

**Counsel for Plaintiffs and the Class**

By: s/Stephen A. Walsh
Stephen A. Walsh
Adams and Reese LLP
2100 3rd Ave. N. Ste. 1100
Birmingham, AL 35203
205-250-5091
stephen.walsh@arlaw.com

**Counsel for TMO**

## CERTIFICATE OF SERVICE

I hereby certify that on this the 27th day of May, 2008, electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to all counsel of record.

s/Stephen A. Walsh
STEPHEN A. WALSH