IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **CARL TYLER, JR.,** *et al.,* | : |
| | : |
|     **Plaintiffs,** | :   CIVIL ACTION 08-00007-B |
| | : |
| **v.** | : |
| | : |
| **THE MORTGAGE OUTLET, INC.,** | : |
| | : |
|     **Defendant.** | : |

## ORDER AND FINAL JUDGEMENT

This matter is before the Court on Plaintiffs Carl Tyler, Jr., Grace Kelly Tyler, Joe Cephus Prim and Lisa A. Prim's Motion for Approval of Final Settlement (Doc. 26).

Upon consideration of all documents filed in support of Plaintiffs' Motion, including the supporting memorandum, the affidavit of L. Stephens Tilghman, attesting to the mailing of the Class Notice and the publication of the Notice, and the Motion for An Order Certifying a Settlement Class and Granting Preliminary Approval of Settlement Agreement;  the Court having entered on June 24, 2008, an Order (Doc. 21) preliminarily certifying the Settlement Class[1], granting preliminary approval of the Settlement, and setting a date and time for the fairness hearing on Final Approval; and a hearing having been held before this Court on December 18, 2008

---

[1] On September 12, 2008, the Court entered an Order amending the class definition set forth in the June 24, 2008 Preliminary Approval Order. (Doc. 25).

("the Fairness Hearing") to determine whether to grant the Final Approval Motion, to determine whether to grant Plaintiffs' Motion for Award for Attorneys Fees and Reimbursement of Costs and Award of Incentive Fee (Doc. 27), and to rule upon such other matters as the Court might deem appropriate,

IT IS HEREBY ORDERED, AND ADJUDGED AND DECREED AS FOLLOWS:

1.   The Court has jurisdiction over the subject matter of this action[2], all members of the Settlement Class and Defendant pursuant to 29 U.S.C. § 1131.

2.   The Court hereby approves the maintenance of this Action as an opt-out action pursuant to Fed.R.Civ.P. 23.  The Settlement Class shall be divided into the following two subclasses:

   Subclass A shall consist of those persons in the Class whose subject loan was closed between January 4, 2005 and January 4, 2008 and who do not fall within Subclass B.

   Subclass B shall consist of those persons in the Class whose subject loan was closed between January 4, 2005 and January 4, 2008, and who meet the following criteria: i) the loan was secured by a lien on their principal residence; ii) the loan

---

[2]Plaintiffs Carl and Grace Kelly Tyler instituted this action on January 4, 2008. (Doc. 1). Shortly thereafter, the Complaint was amended, and Plaintiffs  Joe Cephus and Lisa A. Prim were added as Plaintiffs. (Doc. 5).  Plaintiffs allege that The Mortgage Outlet, Inc. violated the Truth-in-Lending Act by failing to disclose the payment schedule (e.g., "monthly") and by understating the finance charge by $100. The Mortgage Outlet, Inc. denies any and all claims and contentions.

proceeds were not used to purchase the home; iii) the home was still owned by the class member as of January 4, 2008; and iv) the borrower received a Truth-in-Lending Disclosure Statement at the closing of the loan which did not disclose the payment period (such as "monthly") of the loan.

The definition of the Settlement Class is sufficiently precise and proper notice was provided to the Settlement Class.

3.  The Court finds that the prerequisites for a class action under Fed.R.Civ.P. 23 have been satisfied in that:

   a.  The Settlement Class, consisting of more than four thousand members is so numerous that joinder of all its members would be impracticable;

   b.  There are questions of fact and law common to the Settlement Class;

   c.  Named Plaintiffs, Carl Tyler, Jr., Grace Kelly Tyler, Joe Cephus Prim and Lisa A. Prim, are members of the Settlement class and their claims are typical of the claims of the Settlement Class;

   d.  The Named Plaintiffs are suitable for appointment as representatives of the Settlement Class and have and will fairly and adequately protect the interests of the Settlement Class in that (i) the interests of the named Plaintiffs and the nature of their claims are consistent with those of the members of the Settlement Class; (ii) there appears to be no conflicts between or among the Named

Plaintiffs and the Settlement Class; and (iii) the Named Plaintiffs have retained qualified, reputable counsel who are experienced in the matters before the Court;

      e.    The prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications as to individual class members, that would establish incompatible standards of conduct for the party opposing the claims asserted in the Action;

      f.    The prosecution of separate actions by individual members of the Settlement Class would create a risk of inconsistent or varying adjudications as to individual class members that would, as a practical matter, be dispositive of the interests of the other members not parties to the adjudications, or substantially impair or impede those persons' ability to protect their interests;

      g.    Earl P. Underwood, Jr. and James D. Patterson are appointed as Settlement Class Counsel. Class counsel are appropriately qualified and suitable for appointment to represent the Settlement Class and Class Counsel has committed the necessary resources to represent the Settlement Class.

    4.    In accordance with Fed.R.Civ.P. 23 and the requirements of due process, the Settlement Class has been given proper and adequate notice of[3]: the Settlement Agreement, the Fairness Hearing

---

[3] Notice was given by first-class mail to each suspected Settlement Class member beginning on October 17, 2008. Additionally, the Notice was published in USA Today on October 7,

and the Motion for Award for Attorneys Fees and Reimbursement of Costs and Award of Incentive Fee, such notice having been carried out in accordance wit the Preliminary Approval Order.  The notice and notice methodology implemented pursuant to the Settlement Agreement and the Court's Preliminary Approval Order, as amended, a) constituted the best practicable notice; b) constituted notice that was reasonably calculated, under the circumstances, to apprise members of the Settlement Class of the pendency of the litigation, their right to opt out of the settlement, and their right to appear at the Fairness Hearing; c) were reasonable and constituted due, adequate, and sufficient notice to all persons entitled to notice; and d) met all applicable requirements of the Federal Rules of Civil Procedure, and any other applicable law.

5.    Twelve persons opted out of the class (See Doc. 26, Att. 1, Ex. A); however, no members of the Settlement Class filed objections to the Settlement Agreement.

6.   The Court determines that the Settlement Agreement was negotiated vigorously, in good faith, and at arm's length by the Named Plaintiffs and Class Counsel on behalf of the Settlement Class members.  The Court finds that the Named Plaintiffs have acted independently and that their interests are identical to the interests of the Settlement Class members.

7.    The Settlement Agreement in this action warrants final

---

2008. (Doc. 26, Att. 1).

approval pursuant to Federal Rule of Civil Procedure 23 because it is fair, adequate and reasonable to those it affects and is in the public interest based upon a) the likelihood of success on the merits weighed against the amount and form of relief offered in the Settlement; b) the risks, expense, and delay of further litigation; c) the judgment of experienced counsel who have competently evaluated the strength of their proofs; d) the amount of discovery conducted and the character of the evidence uncovered; e) the fairness of the settlement to the unnamed class members; f) the lack of objections to the Agreement; g) the fact that the Settlement is the product of extensive arm's length negotiations; and h) the fact that this Settlement is consistent with the public interest.

8. The Final Approval Motion is hereby GRANTED; and the Settlement is hereby APPROVED as fair, reasonable, adequate, in the best interests of the Settlement Class members and in the public interest.  The terms of the Settlement are hereby determined to be fair, reasonable and adequate.

9. In accordance with the terms of the Settlement Agreement, The Mortgage Outlet shall pay the Settlement Amount set forth in paragraph 2.2 of the Settlement Agreement.

10. The Named Plaintiffs and each Settlement Class Member shall be deemed to have granted the releases set forth in paragraph 4 of the Settlement Agreement.

11. The Court finds that the payment of $4000 jointly to Carl

and Grace Kelly Tyler, and $4000 jointly to Joe Cephus and Lisa A. Prim is fair and reasonable, under the circumstances, for their service as class representatives.  The record reflects that the parties engaged in limited informal discovery, and the named Plaintiffs were not required to respond to formal discovery or to prepare and give testimony at a deposition or in Court. Accordingly, the Court finds that the $4000 joint payment to Plaintiffs Carl and Grace Tyler and the $4000 joint payment to Plaintiffs Joe and Lisa Prim is reasonable under the circumstances. Said payments shall be made from the Settlement Amount, and in addition to any compensation payable as Class Members[4].

12.  This Litigation is dismissed with prejudice as to the Named Plaintiffs and all members of the Settlement Class (except that the dismissal is without prejudice as to Settlement Class Members who have obtained proper and timely exclusion from the Settlement Class, listed as Doc. 26, Att. 1, Ex. A), without fees or costs except those as directed by the Court.

13.  This Court retains continuing jurisdiction over this action, the Named Plaintiffs, all members of the Settlement Class, and The Mortgage Outlet to determine all matters relating in any way to this Final Judgment and Order, the Preliminary Approval Order, or the Settlement Agreement, including but not limited to their

---

[4]Plaintiffs' request for attorneys' fees and costs is addressed in a separate Order.

administration, implementation, interpretation, or enforcement.

14.  The Named Plaintiffs and all members of the Settlement Class (except those persons listed on Doc. 26, Att. 1, Ex. A) are permanently enjoined from commencing or prosecuting any action asserting any of the Released Claims (as defined in the Settlement Agreement) against The Mortgage Company and/or against any of the other Released Persons (as defined in the Settlement Agreement), either directly, representatively, derivatively, or in any other capacity, whether by complaint, counterclaim, defense, or otherwise, in any local, state, or federal court, or in any agency or other authority or forum wherever located.

15.  The parties to the Settlement Agreement shall carry out their respective obligations thereunder.

16.  In the event that (i) the Settlement Agreement is terminated pursuant to its terms; (ii) the Settlement Agreement, the Preliminary Approval Order, and this Final Order and Judgment do not for any reason become effective; or (iii) the Settlement Agreement, Preliminary Approval Order, and Final Order and Judgment are reversed, vacated or modified in any material respect, then (a) any and all orders entered pursuant to the Settlement Agreement shall be deemed vacated, including without limitation, the certification of the Settlement Class and all other relevant portions of this Order, (b) the instant action shall proceed as though the Settlement Class had never been certified, and (c) no

reference to the prior Settlement Class, or any documents related thereto, shall be made for any purpose; provided, however, that if a party to the Settlement Agreement appeals a ruling disapproving the Settlement Agreement and the Settlement Agreement is upheld on appeal, the Settlement Agreement and Final Order and Judgment shall be given full force and effect according to their terms.  In the event the settlement does not become final in accordance with the terms of the Settlement Agreement, this Final Order and Judgment shall be void and shall be deemed vacated.  The Mortgage Outlet retains the right to oppose class certification if the settlement is vacated or terminated for any reason, and the doctrine of res judicata and/or collateral estoppel shall not be applied.

17.  Neither the Settlement Agreement, this Final Order and Judgement, nor any of their provisions, nor any of the documents (including but not limited to drafts of the Settlement Agreement, the Preliminary Approval Order or the Final Judgment and Order), negotiations, or proceedings relating in any way to the settlement, shall be construed as or deemed to be evidence or an admission or concession of any kind by any person, including The Mortgage Outlet, and shall not be offered or received in evidence, or subject to discovery, in this or any other action or proceedings except in an action brought to enforce its terms or except as may be required by law or court order.

DONE this **7th** day of **January, 2009.**

                                   **/s/ SONJA F. BIVINS**
                             **UNITED STATES MAGISTRATE JUDGE**