IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION


CARL TYLER, JR., *et al.*,          :
                                     :
        Plaintiffs,                  :      CIVIL ACTION 08-00007-B
                                     :
v.                                   :
                                     :
THE MORTGAGE OUTLET, INC.,           :
                                     :
        Defendant.                   :


FINAL ORDER APPROVING ATTORNEYS' FEES
AND REIMBURSEMENT OF COSTS

This matter is before the Court on Plaintiffs' Motion and
Memorandum in Support of Award for Attorneys Fees and Reimbursement
of Costs and Award of Incentive Fee[1] (Doc. 27).  No objections were
filed by any party or class member to the request for attorney fees,
expenses, and reimbursement of costs.

The district court must approve any settlement agreement in a
class action. Fed. R. Civ. P. 23(e).  The court may approve the
settlement, however, "only after a hearing and on a finding that the
settlement, voluntary dismissal, or compromise is fair, reasonable,
and adequate.  Id.  Where, as here, a class action has been
certified specifically for the purpose of settlement, the court "has
a heavy duty to ensure that any settlement is 'fair, reasonable and
adequate' and that the fee awarded plaintiffs' counsel is entirely

_____

[1]Plaintiffs' request for an incentive fee is addressed in a
separate Order.

appropriate." <u>Dikeman v. Progressive Express Ins. Co.</u>, 2008 U.S. App. LEXIS 6768 (11th Cir. Mar. 26, 2008).  Thus, while the court has wide discretion in awarding attorneys' fees based on its own expertise and judgment, the court's discretion is not unlimited, and a "conclusory statement that a fee is reasonable in light of the success obtained is generally insufficient." <u>Norman v. Housing Auth'y of Montgomery</u>, 836 F.2d 1292, 1304 (11th Cir. 1988)("The court's order on attorney's fees must allow for meaningful review – the district court must articulate the decisions it made, give principled reasons for those decisions, and show its calculation.").

In the Eleventh Circuit, the method for determining a fair and reasonable attorney fee in a class action common fund case is the "reasonable percentage of the fund" approach. <u>Camden I v. Dunkle</u>, 946 F. 2d 768, 774 (11th Cir. 1991).  "The majority of common fund fee awards fall between 20% to 30% of the fund." <u>Id.</u> Most district courts "view the median of this 20% to 30% range, ie., 25%, as a 'bench mark' percentage fee award which may be adjusted in accordance with the individual circumstances of each case." <u>Id.</u> at 775.

In determining a fair and reasonable attorney fee, the twelve factors articulated in <u>Johnson v. Georgia Highway Express, Inc</u>., 488 F. 2d 714, 717-19 (5th Cir. 1974)[2] are appropriately used. <u>Camden</u>

_____

[2]Decisions of the former Fifth Circuit rendered prior to October 1, 1981, are binding precedent on the Eleventh Circuit. <u>Bonner v. City of Prichard, Alabama</u>, 661 F.2d 1206, 1209 (11th

I, 946 F.2d at 775.  The twelve factors are:

(1)  the time and labor required;

(2) the novelty and difficulty of the questions involved;

(3) the skill requisite to perform the legal service properly;

(4) the preclusion of other employment by the attorney due to acceptance of the case;

(5) the customary fee;

(6) whether the fee is fixed or contingent;

(7) time limitations imposed by the client or the circumstances;

(8) the amount involved and the results obtained;

(9) the experience, reputation, and ability of the attorneys;

(10) the "undesirability" of the case;

(11) the nature and the length of the professional relationship with the client;

(12) awards in similar cases.

Johnson, 488 F. 2d at 717-19.

     This action was filed by Plaintiffs in January 2008. (Doc. 1). The gist of Plaintiffs' claims is that The Mortgage Outlet, Inc. violated the Truth in Lending Act by failing to disclose the payment schedule (e.g., "monthly") and by understating the finance charge by $100. The parties exchanged informal discovery, and counsel for the parties spent considerable time examining the discovery and then commenced settlement negotiations.   On March 14, 2008, counsel

Cir. 1981) (en banc).

advised the Court that a settlement had been reached. (Doc. 11).

The undersigned conducted at least four (4) conferences with counsel for the parties to address issues pertaining to the settlement, as well as a fairness hearing on December 18, 2008. During these various encounters, the undersigned had an opportunity to observe the attorneys and notes that Class Counsel has extensive experience handling consumer class actions, was well versed regarding the issues presented, and spend a significant amount of time working out the details of the settlement.  The undersigned further finds that the result reached in this case was just and fair because it is questionable whether rescission of the loans at issue would have been a viable remedy for the majority of the Class Members even if they had prevailed, and the issue regarding the understatement of interest was hotly debated.

Class Counsel has submitted documents which reflect that this case was taken on a contingency fee basis, and that a total of 262 attorney hours were spent, over an approximate one year period, handling this case.  The fee affidavit submitted by Class Counsel does not provide a description of the tasks perform and does not contain an accounting of any expenses that were incurred in connection with the litigation of this case.

As noted supra, the bench mark for common fund cases is 25%. Based upon the totality of the circumstances in this case, including the stage at which the settlement was reached, the time expended and

the results reached, the undersigned finds that a 27.5% award is appropriate in this case.  While Class Counsel has requested a 30% award, the undersigned finds that 30% represents the high end of awards for a common fund case and is generally reserved for those cases involving complex issues, substantial risk, and extraordinary legal skills.  See Eslava v. Gulf Telephone Company, 2007 U.S. Dist LEXIS 85011 (S.D. Ala. Nov. 16, 2007) (In ERISA action involving three protracted years of litigation, including four summary judgment motions, seven motions to dismiss, one motion for judgment on the pleadings, and a certification motion, court held that an award of 30% was appropriate based on the complexity of the case, the extraordinary legal skills exhibited, the time expended and the result obtained); see also Carpenters Health & Welfare Fund v. The Coca-Cola Co., 2008 U.S. Dist. LEXIS 96861 (N.D. Ga. Nov. 7, 2008)(court held that an award of 21% of the settlement fund in an securities action was appropriate compensation for class counsel's admirable performance and as a reward for the level of risk involved).

Upon review of Plaintiffs' Motion and Memorandum in Support of Award for Attorneys Fees and Reimbursement of Costs, and for the reasons stated in this Order, Counsel's request is GRANTED in part and DENIED in part, as follows:

The Court finds that attorneys' fee of Class Counsel in the amount of $247,500.00 to be fair and reasonable.  Payment of said

award is to be made to Class Counsel from the Settlement Fund.  The
Claim Administrator is authorized to disburse this amount to Earl
P. Underwood, Jr.

DONE this **7th** day of **January, 2009.**

_____/s/ SONJA F. BIVINS_____
**UNITED STATES MAGISTRATE JUDGE**